# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ERWIN,<br><br>Plaintiff,<br><br>v.<br><br>PAM AHLIN, et al.,<br><br>Defendants. | Case No. 1:18-cv-00050-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 27) |

Plaintiff Joey Erwin, a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2018, Plaintiff filed a motion for appointment of counsel. (ECF No. 27.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court considers "whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.' " Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015) (citations omitted); Palmer,

560 F.3d at 970. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel." Wilborn, 789 F.2d at 1331.

Plaintiff seeks appointment of counsel arguing that he is untrained in the law and is limited in his ability to obtain and access records and witnesses. However, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's confinement, lack of legal education, and difficulties obtaining witnesses and evidence are common to all prisoners and do not demonstrate exceptional circumstances to justify appointment of counsel.

While Plaintiff contends that Defendants' responses to interrogatories are inadequate, that is not a reason for the Court to appoint counsel. Plaintiff may file a motion to compel to address any inadequate responses to discovery.

Based on review of the documents filed in this action and Plaintiff's motion for appointment of counsel, the Court finds that Plaintiff can adequately articulate his claims and respond to the Court's orders.

Plaintiff argues that he needs appointment of counsel due to the complexity of the issues raised in this action, but Plaintiff's claims in this action are not complex nor do they involve novel legal issues.

Finally, at this stage in the proceedings, the Court cannot find that it is likely that Plaintiff will prevail on his claims. The Court does not find that the required exceptional circumstances exist to appoint counsel in this action.

Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **December 26, 2018**

UNITED STATES MAGISTRATE JUDGE

2