# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ERWIN,<br><br>        Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00050-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S REQUEST FOR ORDER TO ALLOW ENHANCED COMPUTER LAB TIME<br><br>(ECF No. 29)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Joey Erwin ("Plaintiff"), a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed March 26, 2018, against Pam Ahlin and Brandon Price ("Defendants") on a claim alleging unconstitutional conditions of confinement and deprivation of property based on the ban on ownership of electronic devices and items. Defendants filed an answer on August 30, 2018. The discovery and scheduling order issued on August 31, 2018. On January 4, 2019, Plaintiff filed a motion seeking an order allowing him to have additional time in the law library.

By his current motion, Plaintiff is seeking injunctive relief.[1] "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense

---

[1] On review of Plaintiff's motion, the Court finds it unnecessary to require Defendants to respond to Plaintiff's request as he has not shown that he is entitled to relief.

1

1  Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  In <u>Winter</u>, the Supreme Court held that
2  "[a] court may grant a preliminary injunction only if the plaintiff establishes four elements: (1)
3  likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a
4  preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive
5  relief is in the public interest."  <u>Garcia v. Google, Inc.</u>, 786 F.3d 733, 740 (9th Cir. 2015); <u>Leigh
6  v. Salazar</u>, 677 F.3d 892, 896 (2012).  "To receive a preliminary injunction, [a plaintiff is]
7  required to show either a likelihood of success on the merits and the possibility of irreparable
8  injury, or that serious questions going to the merits were raised and the balance of hardships tips
9  sharply in its favor."  <u>In re Focus Media Inc.</u>, 387 F.3d 1077, 1085 (9th Cir. 2004) (quoting <u>Sun
10 Microsystems, Inc. v. Microsoft Corp.</u>, 188 F.3d 1115, 1119 (9th Cir.1999)).  "These standards
11 'are not separate tests but the outer reaches of a single continuum.' "  <u>Stuhlbarg Int'l Sales Co.</u>,
12 240 F.3d at 840 (quoting <u>International Jensen, Inc. v. Metrosound U.S.A.</u>, 4 F.3d 819, 822 (9th
13 Cir.1993)).  An injunction may only be awarded upon a *clear showing* that the plaintiff is
14 entitled to relief.  <u>Winter</u>, 555 U.S. at 22 (quoting <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972
15 (1997)) (emphasis added).

16    Here, Plaintiff asserts that Coalinga State Hospital has implemented a half hour time limit
17 for patients to do legal work and requests that the Court order that he be allowed an hour of time
18 to do legal work.  Plaintiff alleges that this is a systematic ongoing problem and attaches as
19 exhibits two memorandums.

20    The first memorandum is dated December 21, 2018, and states that the number of
21 computers available to patients in the computer lab will be reduced to ten over the following two
22 weeks and patients will only be allowed to sign up in thirty-minute increments while
23 maintenance and security upgrades are being completed on all computers.  (ECF No. 29 at 3.)
24 The goal is to complete the maintenance and upgrades as quickly as possible and resume normal
25 computer lab operations.  (<u>Id.</u>)

26    The second memorandum is dated December 4, 2018, and states that the computer lab
27 will be closed from December 4, 2018 to December 8, 2018.  (<u>Id.</u> at 4.)

28    Plaintiff does not have a constitutional right of access to a law library or legal assistance.

1  Lewis v. Casey, 518 U.S. 343, 350 (1996).  However, inmates have a fundamental constitutional
2  right of access to the courts.  Lewis, 518 U.S. at 346; Silva v. Di Vittorio, 658 F.3d 1090, 1101
3  (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  To state a viable claim for
4  relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to
5  contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th
6  Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v.
7  Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.  The
8  failure to allege an actual injury is "fatal" to an access to the court claim.  Alvarez v. Hill, 518
9  F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been
10 frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4).

Plaintiff has not addressed any of the factors which the Court is to consider in deciding whether to issue a preliminary injunction.  Plaintiff states that access is needed to complete his legal work necessary to meet the Court's established deadlines.  However, while there is a scheduling order in place, there are no pending deadlines in this matter and Plaintiff has not identified any deadline that he is unable to meet due to the two-week limitation of access to the law library.

The discovery deadline in this action is April 28, 2019, and dispositive motions are due July 11, 2019.  (ECF No. 23.)  Discovery in this action opened on August 31, 2018, and Plaintiff has had four months to propound discovery.  The two-week period of limited access to the law library, even coupled with the four-day closure in early December with more than three months remaining to conduct discovery, is insufficient to demonstrate irreparable injury.

Further, Plaintiff's exhibits demonstrate that the thirty-minute time limitation was due to the facility upgrading the computer lab and was expected to last two weeks.  As it has been more than two weeks, the computer lab should have returned to normal operations at this time. Plaintiff has not shown that he is likely to succeed on the merits of his claim.

The Court finds that Plaintiff has not shown a likelihood of success on the merits nor has he demonstrated that he will suffer irreparable injury due to the two-week limitation in access to the law library.  As Plaintiff has not made a clear showing that he is entitled to the relief he is

requesting, the Court recommends that Plaintiff's request for injunctive relief be denied.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's request for an order to allow enhanced computer lab time be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30)** days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 8, 2019**__

UNITED STATES MAGISTRATE JUDGE